683 So.2d 661 (1996)
GALE GROUP, INC., f/k/a Gale Group, etc., Appellant,
v.
WESTINGHOUSE ELECTRIC CORPORATION, Appellee.
Nos. 95-147, 95-589.
District Court of Appeal of Florida, Fifth District.
December 6, 1996.
*662 Rod Anderson and Guy P. McConnell of Glenn Rasmussen & Fogarty, Tampa, for Appellant.
Geoffrey B. Schwartz and Vikki R. Shirley of Huey, Guilday & Tucker, P.A., Tallahassee, for Appellee.
THOMPSON, Judge.
In this consolidated appeal, Gale Group, Inc., ("Gale"), appeals the trial court's orders denying its motion to dismiss, its motion to compel arbitration and to sever arbitrable issues, and its alternative motion to stay proceedings pending appeal.
We note that we have jurisdiction to review an order determining entitlement to arbitration. § 682.20, Fla.Stat. (1993); A.G. Edwards & Sons v. Wilson, 523 So.2d 1150, 1151 (Fla. 2d DCA 1987) (citing Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v) which authorizes interlocutory review of nonfinal orders determining entitlement to arbitration). We reverse and remand for the trial court to vacate its orders denying Gale's motions to compel arbitration and to send the arbitrable issues to arbitration.
Westinghouse Electric Corporation ("Westinghouse") sold its manufacturing business to Gale under an asset acquisition agreement ("Purchase Agreement"). Under subsection 1.4(b) of the Purchase Agreement, Gale was required to make post-closing payments to Westinghouse of 85% of Gale's collections from "ineligible accounts receivable," a term not defined in the Purchase Agreement. After the closing, the parties disagreed as to the meaning of "ineligible accounts receivable" and Gale refused to pay Westinghouse the disputed amounts. Westinghouse sued, seeking in Count I damages for breach of the Purchase Agreement and in Count II a declaratory judgment. Gale filed a motion to dismiss and to compel arbitration which the trial court denied. Gale then filed a motion to sever arbitrable issues or in the alternative to stay proceedings pending appeal. The trial court also denied this motion finding that the Purchase Agreement did contain an arbitration clause but that there would be no issue to arbitrate until the trial court determined the meaning of "ineligible accounts receivable."
The contract provision in issue is subsection 1.4(b)(iv):
1.4(b)(iv) In the event that [Westinghouse] and [Gale] disagree with respect to the amount of any payment due [Westinghouse] pursuant to this Section 1.4(b), either party may give written notice of such disagreement to the other party, and the parties shall thereupon endeavor in good faith to resolve such disagreement; but if such disagreement is not resolved within thirty (30) days following said written notice, the parties shall thereupon submit that matter to a mutually agreeable "Big Six" accounting firm (other than Price Waterhouse) for determination, which shall be binding on the parties, with the fees and costs of such accounting firm to be paid one-half by [Westinghouse] and one-half by [Gale]. (emphasis supplied).
In considering motions to compel arbitration pursuant to section 682.03, Florida Statutes (1993), the trial court is limited to determining the following: (1) whether the parties entered into a valid written agreement to submit to arbitration; (2) whether an *663 arbitrable issue exists; and, (3) whether the moving party has waived the right to submit the arbitrable issue to arbitration. Piercy v. School Bd. Of Washington Cty., Fla., 576 So.2d 806 (Fla. 1st DCA 1991); Manalili v. Commercial Mowing Grading, 442 So.2d 411, 413 (Fla. 2d DCA 1983); Wm. Passalacqua Builders, Inc. v. Mayfair House Ass'n, Inc., 395 So.2d 1171, 1173 (Fla. 4th DCA 1981). Public policy favors arbitration as an efficient means of settling disputes, because it avoids the delays and expenses of litigation. Eugene W. Kelsey & Son, Inc. v. Architectural Openings, Inc., 484 So.2d 610 (Fla. 5th DCA), review denied, 492 So.2d 1330 (Fla.1986); accord, Roe v. Amica Mutual Ins. Co., 533 So.2d 279 (Fla.1988). A court must compel arbitration where an arbitration agreement and an arbitrable issue exist, and the right to arbitrate has not been waived.
The parties agreed in the Purchase Agreement that a Big Six accounting firm would be an appropriate entity to consider and decide issues "with respect to the amount of any payment due [Westinghouse] pursuant to ... Section 1.4(b)." The words "arbitrate" or "arbitration" are not required to be expressly written in a contract to constitute a valid arbitration agreement. See e.g., Intracoastal Ventures Corp. v. Safeco Ins. Co. of America, 540 So.2d 162 (Fla. 4th DCA 1989). All that is required is that the parties' contract demonstrate their intent to submit a dispute to a third party for resolution. Larry Kent Homes, Inc. v. Empire of America, FSA, 474 So.2d 868 (Fla. 5th DCA 1985), rev. denied, 484 So.2d 7 (Fla.1986). Accordingly, we agree with the trial court that section 1.4(b)(iv) is enforceable as an arbitration agreement because it demonstrates the parties' intent to submit payment disputes to a third party.
We disagree, however, with the trial court's determination that no arbitrable issue would exist until after it had made a legal determination interpreting the term "ineligible accounts receivable." The broad language of Section 1.4(b)(iv) applies to the post-closing payments due Westinghouse, and Westinghouse alleged in each count of the complaint that Gale failed to comply with the provision requiring it to make post-closing payments based on "ineligible" receivables. A plain reading of the arbitration provision indicates that the instant dispute is precisely the type the parties intended to submit to an accounting firm for resolution. The parties clearly intended to submit to arbitration all disputes regarding amounts owed to Westinghouse under Section 1.4(b). The parties did not limit the arbitration provision to any particular aspect of a dispute arising under Section 1.4(b). Therefore, the trial court did not have to interpret the terms before the parties could arbitrate.
Finally, Gale did not waive its right to arbitrate. Gale filed a motion to dismiss the litigation and to compel arbitration as soon as it was served with Westinghouse's complaint, thus preserving its right to arbitrate. See Wieneke v. Raymond, James & Associates, Inc., 495 So.2d 869, 871-72 (Fla. 2d DCA 1986). Gale did not waive its right to arbitrate by filing motions to compel arbitration and by participating in the litigation to the extent necessary to preserve its rights. Ziegler v. Knuck, 419 So.2d 818, 821 (Fla. 3d DCA 1982).
Because the amounts due under section 1.4(b) of the Purchase Agreement are arbitrable, we vacate the trial court's orders denying motions to compel arbitration.
Both Gale and Westinghouse argue that certain other issues raised by Westinghouse's complaint fall outside the scope of arbitration. The trial court is instructed to determine whether the arbitrable issues are severable from the claims to be litigated in court. If the issues cannot be severed from the nonarbitrable issues, litigation should be stayed pending arbitration of the arbitrable issues.
REVERSED and REMANDED.
COBB and GRIFFIN, JJ., concur.