739 So.2d 630 (1999)
KFC NATIONAL MANAGEMENT COMPANY, etc., Appellant,
v.
Terena BEAUREGARD, Appellee.
No. 98-2664.
District Court of Appeal of Florida, Fifth District.
June 25, 1999.
Stephen M. Corse and Beth D. Jarrett of White & Case LLP, Miami, for Appellant.
Dennis J. Hightower of Hightower & Doane, Orlando, and Elizabeth C. Wheeler, of Wheeler & Wilkinson, LLP, Orlando, for Appellee.
PETERSON, J.
KFC National Management Company (KFC), appeals the denial of its motion to compel arbitration of a complaint for personal injuries filed by Terena Beauregard, a former employee of KFC. Beauregard's complaint alleged that KFC negligently hired a co-employee with a history of violent attacks against co-workers and that she was attacked and injured by the employee while at work.
Beauregard continued to work for KFC after the alleged attack, and later applied for a transfer from Florida to North Carolina. Her written application for the *631 transfer was on a form furnished by KFC and included the following paragraph:
ARBITRATION OF EMPLOYEE RIGHTS
Because of the delay and expense of the court systems, KFC and I agree to use confidential binding arbitration for any claims that arise between me and KFC, its related companies, and/or their current or former employees. Such claims would include any concerning compensation, employment (including, but not limited to any claims concerning sexual harassment), or termination of employment. Before arbitration, I agree: (i) first, to present any such claims in full written detail to KFC: (ii) next, to complete any KFC internal review process; and (iii) finally, to complete any external administrative remedy (such as with the Equal Employment Opportunity Commission). In any arbitration, the then prevailing rules of the American Arbitration Association (and, to the extent not inconsistent, the then prevailing rules of the Federal Arbitration Act) will apply.
Beauregard also signed an "Acknowledgment of Receipt" of a KFC employee handbook that similarly provided that any dispute regarding compensation, employment, or termination from employment would be resolved by arbitration.
When Beauregard filed her complaint, KFC moved to dismiss it and to compel arbitration. Beauregard, in opposing KFC's motion, argued that the arbitration agreements could not be applied retroactively that the provisions referred only to arbitration of claims that "arise" between herself and KFC which limited application of the provisions to future claims. The trial court denied KFC's motions.
It is now an axiom of federal and Florida law that written agreements to arbitrate are binding and enforceable. A court must compel arbitration if an arbitrable issue exists. Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); Gale Group, Inc. v. Westinghouse Elec. Corp., 683 So.2d 661, 663 (Fla. 5th DCA 1996); North American Van Lines v. Collyer, 616 So.2d 177 (Fla. 5th DCA 1993); 9 U.S.C. § 2; § 682.02, Fla. Stat. (1997). Public policy favors arbitration as an efficient means of settling disputes, because it avoids the delays and expenses of litigation. Gale Group at 663. In view of that public policy, all questions concerning the scope or waiver of the right to arbitrate should be resolved in favor of arbitration rather than against it. EMSA Ltd. Partnership v. Mason, 677 So.2d 105, 107 (Fla. 4th DCA 1996); Beverly Hills Dev. Corp. v. George Wimpey of Fla., Inc., 661 So.2d 969, 971 (Fla. 5th DCA 1995); Regency Group, Inc. v. McDaniels, 647 So.2d 192, 193 (Fla. 1st DCA 1994).
We find the language in the application and the KFC handbook to be unambiguous in the expressed intent that employment-related disputes be arbitrated regardless of when Beauregard signed the applicable arbitration agreements. Significantly, the term "claim" was used in the agreements and the facts show that while the alleged attack leading to the claim against KFC preceded the agreements to arbitrate, the claim was made after Beauregard signed the agreements.
We reverse and remand with directions to the lower court to enter an order compelling arbitration of Beauregard's negligent hiring claim against KFC.
REVERSED AND REMANDED.
HARRIS, J. concurs.
GRIFFIN, C.J., dissents, with opinion.
GRIFFIN, C.J., dissenting.
I respectfully dissent because, in my view, the lower court correctly ruled that the arbitration provisions contained in the KFC form employment application did not require arbitration of a personal injury claim that arose one year before she *632 signed the application. Nor, for that matter, do I believe the arbitration clause applies to the personal injury claim. In order for such an adhesion provision to be valid, it must be clear. This one is not. I would affirm the lower court's denial of the motion to compel arbitration.