877 So.2d 15 (2004)
BILL HEARD CHEVROLET CORP., ORLANDO, Appellant,
v.
Robert WILSON, Eric Kline, Tara McKay, et al., Appellees.
No. 5D03-3249.
District Court of Appeal of Florida, Fifth District.
May 7, 2004.
Rehearing Denied July 12, 2004.
*16 Jennifer S. Eden and Catherine J. Livingston of Gronek & Latham, LLP, Orlando, for Appellant.
Steven M. Fahlgren of Law Offices of Steven M. Fahlgren, P.A., Orlando, for Appellees.
PETERSON, J.
Bill Heard Chevrolet Corp., Orlando, ("Bill Heard Chevrolet"), appeals an order denying its motion to compel arbitration of claims made by Robert Wilson, Eric Kline, Jami McCoy and Tara McKay (collectively "Plaintiffs").
Plaintiffs filed a complaint for violations of the Florida Deceptive and Unfair Trade Practices Act, the Motor Vehicle Retail Sales Finance Act, for false advertising (as to Wilson only), and for fraud (as to Kline, McCoy and McKay) involving purchases of automobiles from Bill Heard Chevrolet. In response, Bill Heard Chevrolet filed a motion to compel arbitration based upon an "Alternative Resolution Agreement" which provides the following:
In order to minimize the expense and difficulty of resolution disputes related to this contract, informal mediation and binding arbitration are the only procedures which will be used to resolve disputes between the parties.
CUSTOMER and DEALER agree that any and all claims, disputes or issues involving CUSTOMER and DEALER, DEALER'S officers, agents or employees, or DEALER'S surety bonding company shall be resolved in accordance with the following provisions:
A. NOTICE OF DISPUTE

Each party shall notify the other party in writing of any claim, dispute or issue it has against the other party concerning any matter described in Section C.1 below at least 20 days before filing for mediation pursuant to Section B below.... If requested by either party, the parties agree to meet to discuss the claim, dispute or issue within such 20-day period....
B. MANDATORY MEDIATION

1. Any claim, dispute or issues arising between the CUSTOMER and the DEALER, DEALER'S officers, agents or employees or DEALER'S surety bonding company concerning any matter described in Section C.1 below shall be submitted to mediation pursuant to the Chapter 44 Florida Statutes prior to any party seeking recourse to arbitration. Either party shall give notice to the other and to The American Arbitration Association, 201 East Pine Street, Suite 800, Orlando, Florida XXXXX-XXXX.
* * *
3. The parties agree that in the event that parties are unable to resolve the claims, disputes or issues concerning any matter enumerated in Section C.1 below through mediation that they will thereafter submit said claims to arbitration pursuant to Section C below.
C. MANDATORY ARBITRATION

1. DEALER and CUSTOMER hereby agree to submit to binding arbitration the following claims, disputes or issues involving DEALER, DEALER'S officers, agents or employees, or DEALER'S surety bonding company, and which may arise in connection with or in any way relating to, directly or indirectly, the Contract or the Vehicle or any subsequent contract with respect to the Vehicle or any course of conduct or course of dealing, including: (1) contract enforceability; (2) claims for vehicle warranty, workmanship, or repair; (3) claims relating to acts, omissions or representations which induced the purchase or lease of the vehicle or any trade-in *17 related therein; (4) claims relating to acts, omissions or representations in connection with the modification or termination or replacement of the contract or any subsequent contract with respect to the vehicle, whether occurring before or after the modification or termination, or replacement; (5) reformation of any contract or document; (6) fraud in the inducement; (7) breach of contract; (8) negligent misrepresentation; (9) fraud in the execution or performance; (10) intentional or negligent infliction of emotional distress; (11) negligent hiring, retention or supervision; (12) conversion; (13) battery; (14) claims for punitive damages; (15) rescission, rejection or revocation of acceptance; (16) tort; (17) trespass; (18) wrongful repossession; (19) claims for punitive damages; (20) violation of Florida's Deceptive and Unfair Trade Practices Act; (21) violation of any provisions of Chapter 319, 320, 520, or 679, Florida Statutes; (22) violation of federal or state statutes or regulations regulating advertising; (23) violation of any federal or state consumer protection statutes or regulations; (24) violation of any federal or state odometer laws or regulations; (25) violation of federal or state statutes or regulations; (26) claims for injunction; (27) statutory bond claim; (28) violation of Consumer Leasing Act; (29) violation of Truth in Lending Act; (30) violation of Equal Credit Opportunity Act; (31) violation of Fair Credit Reporting Act; (32) violation of Magnuson Moss Warranty Act; (33) the arbitrability of any claims, disputes or issues pursuant to this Dispute Resolution Agreement; and (34) any other claims, disputes or issues CUSTOMER may have whether they are based in law or in equity. DEALER and CUSTOMER agree to submit to American Arbitration Association for arbitration pursuant to the arbitration rules of American Arbitration Association the matters addressed in this Section C.1.
2. All claims, disputes and issues described in Section C.1 above shall be arbitrated whether said claims, disputes or issues arise prior to or during any future civil litigation. Arbitration pursuant to this Agreement is not intended to be a substitute for nor deprive the parties of, rights, including the right to arbitration, provided for by Chapter 681 of the Florida Statutes, known as the "Lemon Law". The arbitration specified in this clause is intended to provide an arbitral forum instead of judicial forum for the resolution of disputes, as authorized by Florida Statute 682.02. CUSTOMER may require that disputes eligible for arbitration by the Florida New Motor Vehicle Warranty Board, pursuant to Chapter 681 of the Florida Statutes be submitted to such board for arbitration in lieu of American Arbitration Association.
D. OTHER

1. In any arbitration or litigation arising out of any matter covered by this Dispute Resolution Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees and costs through and including appeals. Attorney's fees and costs in arbitration shall be determined by the arbitrator.
2. The American Arbitration Association shall be utilized for mediation and arbitrations and the mediation/arbitration rules of the American Arbitration Association shall apply to this agreement.
3. If any part or parts of this Dispute Resolution Agreement are not valid according to any applicable law(s), all other parts will nevertheless remain enforceable. This Dispute Resolution Agreement shall survive the termination, *18 rescission or failure of any condition of the Contract.
(Italicized emphasis added).
The court conducted an evidentiary hearing on the matter and although all of the Plaintiffs acknowledge that they executed their respective Alternative Resolution Agreement and were not prevented from reading it, their defense was that they did not read it before signing. The Plaintiffs also assert that they would not have executed their respective agreement if they had known they were giving up their right to a trial by jury.
The trial court found the alternate resolution provisions of the agreements to be unenforceable because "neither party was aware of the binding nature of [ ] arbitration," as there was a "mutual mistake or misunderstanding by all parties." Apparently, the trial court made this finding after hearing the testimony of a Bill Heard Chevrolet representative who exhibited some confusion as to the procedural niceties and finality of the arbitration procedure.
It is now an axiom of federal and Florida law that written agreements to arbitrate are binding and enforceable, and that in the absence of waiver a court must compel arbitration when an arbitration agreement and an arbitrable issue exist. E.g., Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); KFC Nat'l Mgmt. Co. v. Beauregard, 739 So.2d 630 (Fla. 5th DCA 1999); Gale Group, Inc. v. Westinghouse Elec. Corp., 683 So.2d 661, 663 (Fla. 5th DCA 1996); North American Van Lines v. Collyer, 616 So.2d 177 (Fla. 5th DCA 1993); 9 U.S.C. § 2; § 682.02, Fla. Stat. (2003). Public policy favors arbitration as an efficient means of settling disputes, because it avoids the delays and expenses of litigation. KFC Nat'l Mgmt., 739 So.2d at 631. In view of that public policy, all questions concerning the scope or waiver of the right to arbitrate should be resolved in favor of arbitration rather than against it. E.g., Royal Prof'l Builders, Inc. v. Roggin, 853 So.2d 520 (Fla. 4th DCA 2003); Benedict v. Pensacola Motor Sales, Inc., 846 So.2d 1238 (Fla. 1st DCA 2003); Beverly Hills Dev. Corp. v. George Wimpey of Fla., Inc., 661 So.2d 969, 971 (Fla. 5th DCA 1995).
The language in the agreements is unambiguous in the expressed intent that any claim, dispute or issue arising between the customer and the dealer be arbitrated. Indeed, the subject agreements specifically include all of the various claims made in the Plaintiffs' complaint.
The trial court's reliance on the Plaintiffs' assertion that they would not have waived a jury trial had they read the important documents that they were signing or its reliance on the imperfect understanding of arbitration by one Bill Heard Chevrolet representative is misplaced. It is the intention as expressed by the language employed in the agreements that governs, not the after-the-fact testimony of the parties. E.g., Gendzier v. Bielecki, 97 So.2d 604 (Fla.1957) (holding that the test of the meaning and intention of the parties is the content of the written document). It is also well-established that no party to a written contract in this state can defend against its enforcement on the sole ground that he or she signed it without reading it. E.g., Qubty v. Nagda, 817 So.2d 952 (Fla. 5th DCA 2002) (quoting Allied Van Lines, Inc. v. Bratton, 351 So.2d 344 (Fla.1977)); Sabin v. Lowe's, 404 So.2d 772 (Fla. 5th DCA 1981) ("A party has a duty to learn and know the contents of a proposed contract before he signs and delivers it and is presumed to know and understand its contents, terms and conditions.")
*19 We reverse and remand with directions to the trial court to enter an order compelling arbitration of the Plaintiffs' claims against Bill Heard Chevrolet.
THOMPSON and MONACO, JJ., concur.