891 So.2d 558 (2004)
The ESTATE OF Helen N. ETTING, by and through Christian L. ETTING, Personal Representative, Appellant,
v.
REGENTS PARK AT AVENTURA, INC., Appellee.
No. 3D04-87.
District Court of Appeal of Florida, Third District.
October 20, 2004.
Rehearing and Rehearing Denied February 9, 2005.
Freidin Brown, P.A., and Robert D. Brown, Miami, for appellant.
Cole, Scott Kissane, P.A., and Betsy E. Gallagher, Tampa, for appellee.
Before GREEN, FLETCHER, and WELLS, JJ.
Rehearing and Rehearing En Banc Denied February 9, 2005.
PER CURIAM.
The plaintiff, Christian Etting, appeals from an order granting the defendant's, Regents Park at Aventura, Inc., motion to compel arbitration. The plaintiff argues that since the decedent, his mother, was legally blind at the time that she signed the agreement with the nursing home, that the agreement and its arbitration clause are invalid. We disagree.
It has long been held in Florida that one is bound by his contract. Unless one can show facts and circumstances to demonstrate that he was prevented from reading the contract, or that he was induced by statements of the other party to refrain from reading the contract it is binding. No party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without reading it.

Allied Van Lines, Inc. v. Bratton, 351 So.2d 344, 347-8 (Fla.1977) (citation omitted)(emphasis added). Here, the plaintiff failed to show that the decedent was coerced into signing the nursing home agreement or prevented by the defendant from knowing its contents. See Consol. Res. Healthcare Fund., Ltd. v. Fenelus, 853 So.2d 500, 504 (Fla. 4th DCA 2003)("A party normally is bound by a contract that *559 the party signs unless the party can demonstrate that he or she was prevented from reading it or induced by the other party to refrain from reading it."); Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton, 467 So.2d 311, 312 (Fla. 5th DCA 1985) ("As a matter of law a party who voluntarily executed a document knowing it is intended to establish contractual relationships between the parties but without reading it is bound by its terms in the absence of coercion, duress, fraud in the inducement or some other independent ground justifying rescission.").
Accordingly, we affirm.