901 So.2d 354 (2005)
KINKO'S, INC., Appellant,
v.
Shedrick PAYNE, Appellee.
No. 2D04-4938.
District Court of Appeal of Florida, Second District.
May 6, 2005.
*355 Lansing C. Scriven of Lansing C. Scriven, P.A., Tampa, for Appellant.
Richard E. Wolfe of Richard E. Wolfe, P.A., St. Petersburg, for Appellee.
WHATLEY, Judge.
Shedrick Payne originally filed a civil action against Kinko's, Inc., his former employer, alleging that he was subject to discrimination in violation of chapter 760, Florida Statutes (2003), battery, and negligent retention. Thereafter, Kinko's filed a motion to compel arbitration and to stay proceedings pending arbitration. The trial court denied the motion after a hearing, finding that the arbitration agreement was unenforceable due to a lack of consideration and mutual mistake. We reverse.[1]
The trial court determined that the arbitration agreement was unenforceable due to a lack of mutual consideration, based on its finding that Kinko's failed to give any consideration in exchange for the arbitration agreement. This finding was improper as a matter of law because, as several courts have recognized, the agreement of a party to submit to arbitration is sufficient consideration to support the other party's agreement to do the same. Lemmon v. Lincoln Prop. Co., 307 F.Supp.2d 1352 (M.D.Fla.2004); Albert v. Nat'l Cash Register Co., 874 F.Supp. 1324 (S.D.Fla.1994); Lacheney v. ProfitKey Int'l, Inc., 818 F.Supp. 922 (E.D.Va.1993), abrogated on other grounds by Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). In Lemmon, an employee filed an action against her employer alleging that she was discriminated against because of her age in violation of the Florida Civil Rights Act, ch. 760, Fla. Stat. (2003). The employee had previously signed an arbitration agreement.
*356 The court in Lemmon held that the arbitration agreement created mutuality of obligation, as neither the employee nor the employer could have avoided arbitration. 307 F.Supp.2d at 1355. "Where both parties are bound by contractual provisions, mutuality exists and those terms are held enforceable." Id. (quoting Albert, 874 F.Supp. at 1326). In the present case, there was sufficient consideration given by both parties, as both Kinko's and Payne are bound by the agreement to submit their disputes to arbitration. Therefore, it was improper for the trial court to find that the agreement was unenforceable due to a lack of mutual consideration.
Next, the trial court also found that the arbitration agreement was unenforceable, because there was a mistake on the part of Kinko's in submitting the agreement to Payne and there was a mistake on Payne's part in signing the agreement. We have reviewed the record and conclude that the finding that there was a mistake on the part of Kinko's in submitting the agreement to Payne is not supported by competent, substantial evidence. There is no evidence in the record that Kinko's did not intend to submit the agreement to Payne. In fact, the regional operations manager testified that he submitted the agreement to all of the Kinko's managers working for him.
There was also no evidence that Payne mistakenly signed the agreement, as he claimed that he never signed it. Regardless, any mistake on Payne's part in signing the agreement does not render the agreement invalid. "It is also well-established that no party to a written contract in this state can defend against its enforcement on the sole ground that he or she signed it without reading it." Bill Heard Chevrolet Corp., Orlando v. Wilson, 877 So.2d 15, 18 (Fla. 5th DCA 2004).
In Estate of Etting v. Regents Park at Aventura, Inc., 891 So.2d 558, 558 (Fla. 3d DCA 2004), the court held that a legally blind woman was bound by an agreement and its arbitration clause where there was no evidence that she was coerced into signing the agreement or that she was prevented by the appellee from knowing its contents.
It has long been held in Florida that one is bound by his contract. Unless one can show facts and circumstances to demonstrate that he was prevented from reading the contract, or that he was induced by statements of the other party to refrain from reading the contract it is binding. No party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without reading it.

Id. (quoting Allied Van Lines, Inc. v. Bratton, 351 So.2d 344, 347-48 (Fla.1977)). Here, there was no evidence that Payne was prevented from reading the agreement or that he was coerced into signing the agreement. Therefore, the trial court erred in holding that the arbitration agreement was invalid because Payne had mistakenly signed the agreement.
Although the order denying Kinko's motion to compel arbitration must be reversed, we make no determination as to whether the arbitration agreement is enforceable. In Payne's response to Kinko's motion, he raised several issues which were not addressed by the trial court, and on remand, he should not be precluded from again raising these issues.
Reversed and remanded.
FULMER and CANADY, JJ., concur.
NOTES
[1] We have jurisdiction to hear this interlocutory appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) and section 682.20, Florida Statutes (2003). See Thomson, Bohrer, Werth & Razook v. Multi Rest. Concepts, Inc., 561 So.2d 1192 (Fla. 3d DCA 1990).