RAMIREZ, J.
(concurring).
As appellees’ counsel stated in oral argument, “an arbitrator has the right to be arbitrary.” That is precisely what occurred in this case. But as the majority has eloquently explained, our hands are tied. Appellate courts have frequently stated a “policy in favor of arbitration proceedings and the expeditious resolution of cases through such proceedings.” Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 751 So.2d 143, 150 (Fla. 1st DCA 2000); see also KFC Nat’l Mgmt. Co. v. Beauregard, 739 So.2d 630, 631 (Fla. 5th DCA 1999) (“Public policy favors arbitration as an efficient means of settling disputes, because it avoids the delays and expenses of litigation.”). This case offers a stark contrast to this policy.
The first lawsuit was filed on July 28, 2003; the second on August 3, 2004; and the third on September 8, 2004. The parties stipulated to arbitration in January of 2005. The arbitrator appointed a forensic accounting firm which did not support any *288 of the plaintiffs’ complaints. The arbitrator conducted a hearing on May 11 and 12, 2005, but did not sign the award until December 26, 2005, seven and a half months after hearing the evidence. The orders under appeal were entered on April 27, 2006. It does not seem that the parties avoided “the delays and expenses of litigation.” They did, however, gain arbitrariness. The evidence supporting the arbitrator’s award was as flimsy as rice paper and as steady as the flickering of a butterfly. '