974 So.2d 517 (2008)
Morris LOPEZ, III, and Yvette Lopez, Appellants,
v.
ERNIE HAIRE FORD, INC., Appellee.
No. 2D06-1665.
District Court of Appeal of Florida, Second District.
February 6, 2008.
*518 David M. Caldevilla of de la Parte & Gilbert, P.A., Tampa; and J. Daniel Clark of Clark & Martino, P.A., Tampa, for Appellants.
Michael D. Siegel of Delcamp & Siegel, St. Petersburg, for Appellee.
PER CURIAM.
Morris and Yvette Lopez challenge the trial court's nonfinal order compelling them to arbitrate their dispute with Ernie Haire Ford, Inc. (Ernie Haire). They assert that the arbitration agreement is unconscionable. Additionally, the Lopezes argue that Ernie Haire waived its right to arbitrate, and that they did not knowingly, intelligently, and voluntarily waive their jury trial right. The trial court did not elaborate its reasoning on the last two issues and the Lopezes did not seek a more specific ruling. However, the trial court implicitly found no waiver by Ernie Haire and that the Lopezes waived their jury trial right. See Data Lease Financial Corp. v. Barad, 291 So.2d 608, 611 (Fla.1974). We have jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)(iv). We address the trial court's finding of the absence of unconscionability and affirm.[1]
In early 1999, the parties entered into an automobile lease agreement. Allegedly, the parties agreed that the Lopezes *519 would not be responsible for excess mileage charges. Four years later, upon expiration of the lease, Ernie Haire sought to collect such charges from the Lopezes. Ernie Haire's copy of the lease provided for excessive wear charges of fifteen cents per mile over 15,000 miles per year. Believing that Ernie Haire altered the lease documents, the Lopezes sued under various theories.[2] Ernie Haire moved to compel arbitration pursuant to an arbitration agreement in the lease. Finding no procedural unconscionability in the execution of the lease, the trial court granted the motion.
Arbitration is mandated when (1) there is a valid written agreement to arbitrate, (2) there is an arbitrable issue, and (3) the right to arbitrate was not waived. See Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999); Bland v. Health Care & Ret. Corp. of Am., 927 So.2d 252, 255 (Fla. 2d DCA 2006). We review the trial court's factual findings under a competent, substantial evidence standard and its application of the law to the facts de novo. See Bland, 927 So.2d at 255.
Paragraph thirty of the lease provides, with limited exceptions inapplicable here, that any unresolved dispute between the parties shall be submitted to arbitration. Mr. Lopez initialed paragraph thirty, confirming that he read, understood, and agreed to the arbitration terms.
Procedural unconscionability relates to the manner in which a contract is made and involves consideration of issues such as the relative bargaining power of the parties and their ability to know and understand the disputed contract terms. Orkin Exterminating Co. v. Petsch, 872 So.2d 259, 265 (Fla. 2d DCA 2004). Our record demonstrates that the Lopezes successfully negotiated the mileage terms that they say were in the lease. We cannot say that they lacked bargaining power. Further, Mr. Lopez signed the lease and initialed the arbitration provision. Although he chose not to read some portions of the lease, he cannot defeat enforcement of a written contract on the ground that he signed it without reading it. See Kinko's, Inc. v. Payne, 901 So.2d 354, 356 (Fla. 2d DCA 2005); Bill Heard Chevrolet Corp. v. Wilson, 877 So.2d 15, 18 (Fla. 5th, DCA 2004); see also Sabin v. Lowe's of Fla., Inc., 404 So.2d 772, 773 (Fla. 5th DCA 1981) ("A party has a duty to learn and know the contents of a proposed contract before he signs and delivers it and is presumed to know and understand its contents, terms and conditions."). Finding no procedural unconscionability, the trial court properly ended its inquiry about unconscionability and compelled arbitration. See Petsch, 872 So.2d at 265; Bland, 927 So.2d at 257.
Affirmed.
NORTHCUTT, C.J., and KELLY and LaROSE, JJ., Concur.
NOTES
[1] We note that the parties stipulated to discovery as to the validity and enforcement of the arbitration agreement. Limited merits discovery was relevant to the Lopezes' ability to negotiate the arbitration provision. Also, Ernie Haire's merits discovery was relevant under the Florida supreme court's subsequently withdrawn decision, which held that arbitration was not available where the underlying contract was void or illegal. See Cardegna v. Buckeye Check Cashing, Inc., 894 So.2d 860 (Fla.2005), withdrawn, 930 So.2d 610 (Fla.2006). See Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006) (holding that claim that purportedly usurious contract containing arbitration provision was void for illegality was to be determined by arbitrator, not court).

As for the jury trial waiver, a party may Waive a jury trial by agreeing to arbitrate. See Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 280-82, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). Here, the arbitration agreement is governed by the Federal Arbitration Act (FAA), 9 U.S.C.A. § 1 et seq. The FAA places arbitration agreements on the same footing as other contracts. It preempts any requirements placing extra burdens on arbitration agreements. See 9 U.S.C.A. § 2; Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996); Powertel, Inc. v. Bexley, 743 So.2d 570, 574 (Fla. 1st DCA 1999). The FAA does not recognize the waiver standard urged by the Lopezes. See Kaplan v. Kimball Hill Homes Fla., Inc., 915 So.2d 755, 761 (Fla. 2d DCA 2005); Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1371-72 (11th Cir. 2005).
[2] The parties entered into an automobile lease. Essentially, the Lopezes allege that Ernie Haire committed fraud by subsequently altering a lease term. The facts before the trial court were significantly different than those presented in Operis Group, Corp. v. E.I. at Doral LLC, 973 So.2d 485 (Fla. 3d DCA 2007), where the making of the original contract was disputed.