27 So.3d 764 (2010)
AVATAR PROPERTIES, INC., a Florida corporation, and Solivita at Poinciana, Inc., a Florida corporation, Appellants,
v.
Fred and Linda GREETHAM, on behalf of themselves and all other similarly situated owners of property located in the Solivita at Poinciana Planned Residential Community, and Budget Roofing of Florida, Inc., a Florida corporation, Appellees.
No. 2D09-525.
District Court of Appeal of Florida, Second District.
February 12, 2010.
*765 John R. Hamilton of Foley & Lardner, LLP, Orlando, for Appellants.
Stephen M. Cohen of Law Offices of Stephen M. Cohen, P.A., Palm Beach Gardens, and Mark S. Grotefeld of Grotefeld & Hoffman, LLP, Chicago, IL, for Appellees.
KELLY, Judge.
The appellants, Avatar Properties, Inc., and Solivita at Poinciana, Inc., challenge a nonfinal order denying their motion to compel nonbinding arbitration.[1] Because the trial court erred when it concluded that the arbitration agreement between Avatar and the appellees, Fred and Linda Greetham, was not valid, we reverse.
*766 The Greethams own a residence in Solivita at Poinciana, a development in Polk County. According to the Greethams' complaint, Avatar and Solivita were responsible for the design, development, and sale of the homes in Solivita, including their home. After the roof of their residence sustained damage as a result of hurricanes Charley and Frances, they sued Avatar and Solivita asserting a variety of claims based on allegations that the roof on their home was defectively designed and installed.[2]
Avatar and Solivita responded to the Greethams' complaint with a motion to compel arbitration. The arbitration provision at issue was contained in the home warranty that was expressly incorporated into the purchase and sale agreement the Greethams executed when they purchased the home. Although the warranty was not attached to the agreement, the agreement states that the warranty was available for examination at Solivita's offices and, that upon request the warranty would be attached as an exhibit to the purchase and sale agreement. The Greethams initialed this paragraph.
At the hearing on the motion to compel arbitration, the Greethams argued that the arbitration agreement was not enforceable because the word "arbitration" was not mentioned in the purchase and sale agreement and because the warranty was not attached to the agreement when the Greethams signed it. The trial court denied the motion to compel arbitration on that basis, concluding that "there is not a valid knowing voluntary arbitration agreement." In this appeal, Avatar and Solivita challenge the trial court's conclusion. Because the existence of a valid agreement to arbitrate is a question of law, we review the trial court's determination de novo. See Orkin Exterminating Co. v. Petsch, 872 So.2d 259 (Fla. 2d DCA 2004).
The purchase and sale agreement the Greethams signed unambiguously incorporated the home warranty by reference and made that document a part of the parties' contract. "It is a generally accepted rule of contract law that, where a writing expressly refers to and sufficiently describes another document, that other document, or so much of it as is referred to, is to be interpreted as part of the writing." OBS Co. v. Pace Constr. Corp., 558 So.2d 404, 406 (Fla.1990). "Incorporation by reference is a recognized method of making one document of any kind become a part of another separate document without actually copying it at length in the other." State v. Wade, 544 So.2d 1028, 1030 (Fla. 2d DCA 1989). This court has routinely approved the enforcement of contractual provisions that were incorporated by reference into a contract that parties have signed, including arbitration provisions. See, e.g., Balboa Ins. Co. v. W.G. Mills, Inc., 403 So.2d 1149, 1150 (Fla. 2d DCA 1981) (recognizing that an arbitration clause in a prime contract between an owner and a general contractor applied to a lawsuit between the general contractor and one of its subcontractors because the subcontract incorporated part of the general contract by reference, including its arbitration provision). It is undisputed that the Greethams not only signed the purchase and sale agreement, but that they initialed the provision that incorporated the home warranty by reference. This provision advised them that they could review the warranty at Solivita's offices and of their right to have a copy of it attached to the agreement. Any failure on their *767 part to avail themselves of either opportunity is not a basis to find that no agreement existed. See Lopez v. Ernie Haire Ford, Inc., 974 So.2d 517 (Fla. 2d DCA 2008) (holding that a party to a written contract cannot defeat enforcement of its terms on the ground that they signed the contract without reading it).
The trial court erred in concluding that there was no agreement to arbitrate. The order denying Avatar and Solivita's motion to compel arbitration is reversed, and we remand for further proceedings consistent with this opinion.
Reversed and remanded.
LaROSE, J., Concurs.
ALTENBERND, J., Concurs specially with opinion.
ALTENBERND, Judge, Specially concurring.
Nothing in this special opinion is derived from the arguments of the parties. The issues presented by the parties probably justify the opinion of the court in this case. The nonbinding arbitration that we compel in this opinion is unlikely to be particularly helpful or harmful to these parties. Nevertheless, there are three aspects of this case that warrant comment.
First, I doubt that we have appeal jurisdiction in this proceeding. The arbitration agreement that Avatar Properties seeks to enforce requires nonbinding arbitration. The provisions in the arbitration code, chapter 682, Florida Statutes (2009), seem designed to apply to binding arbitration. This is not a case where the trial court can enter an order compelling arbitration pursuant to section 682.03 and then wait to see whether it will be called upon to confirm the binding decision pursuant to section 682.12. Instead, contractual provisions for nonbinding arbitration are similar to the nonbinding arbitration that the court itself can order pursuant to Florida Rule of Civil Procedure 1.820 and section 44.103, Florida Statutes (2009). An order sending a case to such nonbinding arbitration is not an appealable nonfinal order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). See Ebbitt v. Terminix Int'l Co., 792 So.2d 1275 (Fla. 4th DCA 2001). At best, I think we have jurisdiction to review this order by common law certiorari, and I doubt that Avatar Properties would be entitled to common law relief if the case had been argued properly.
Second, the parties do not appear to understand that the warranty agreement is actually a contract in the nature of insurance issued by a home warranty association regulated under sections 634.301 through 634.348, Florida Statutes (2003). The purchase and sale agreement provides for warranties "set forth in the Bonded Builders Home Warranty Association Specimen Booklet BB-W502 ('Bonded Builders Warranty'), incorporated herein by reference." I assume that form BB-W502 is a form that has been filed for approval with the state pursuant to section 634.312, but I am not certain and cannot find this form in the record.
The parties have given us a warranty on forms BB-W1110ST (06/06) and BB-W1110GP (06/06), which contain a nonbinding arbitration provision. I have no idea whether this arbitration provision is in BB-W502 as referenced in the contract.
Moreover, this nonbinding arbitration provision is an agreement to arbitrate any dispute "under any BBWG warranty." BBWG is Bonded Builders Warranty Group. It is an association that is not a party to the purchase and sale agreement. Indeed, it is not a party to this appeal. I do not see how an incorporation by reference of an arbitration agreement between this association, which is essentially a specialty *768 insurance company, and the Greethams creates any arbitration for disputes arising under the purchase and sale agreement with Avatar Properties. That said, this dispute looks like it probably is a claim under the warranty that should be pursued against BBWG rather than a claim for breach of the purchase and sale agreement.
Finally, in our record, paragraph 38 of the purchase and sale agreement, which deals with prevailing parties in a dispute under the agreement, and paragraph 39, which deals with an unknown topic, are either highlighted in a manner that makes them illegible or were stricken and not initialed by the parties when the contract was executed. If these provisions are important to our decision, we have not relied on them because they cannot be read in any of the copies that are in our record.
NOTES
[1] We conclude that we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), which permits appeals from nonfinal orders determining "the entitlement of a party to arbitration." In Ebbitt v. Terminix Int'l Co., 792 So.2d 1275, 1276 (Fla. 4th DCA 2001), the court noted that the use of the word "entitlement" signaled that the rule was intended to authorize appeals from orders determining if a party had a "right to arbitration." In that case, the trial court exercised its discretion to order nonbinding arbitrationit did not determine entitlement. In contrast, the order here determined Avatar's contractual right, i.e. entitlement to arbitration.
[2] The Greethams' complaint reflects that they apparently intend to seek class certification at some point, but they have not yet done so.