878 So.2d 415 (2004)
Gloria VARGAS, Appellant,
v.
Darlene SCHWEITZER-RAMRAS, and Schweitzer & Schweitzer-Ramras, P.A., Appellees.
No. 3D04-563.
District Court of Appeal of Florida, Third District.
June 23, 2004.
Rehearing Denied August 4, 2004.
*416 Warren Trazenfeld; Kimberly L. Boldt (Boca Raton), for appellant.
Bernstein, Chackman, Bronstein & Liss (Hollywood) and V. Julia Luyster and Jennifer S. Lodge, for appellees.
Before SHEVIN, RAMIREZ and WELLS, JJ.
PER CURIAM.
Gloria Vargas appeals an order staying her legal malpractice case against attorney Darlene Schweitzer-Ramras, and the law firm of Schweitzer & Schweitzer-Ramras, P.A., and requiring the parties to submit the case to arbitration. We reverse.
Schweitzer-Ramras represented Vargas in her dissolution of marriage action. After the dissolution, Vargas sued Schweitzer-Ramras, and the firm [collectively "defendants"], for legal malpractice asserting that Vargas was harmed as a result of incorrect legal advice given during the representation. In response to Vargas's action, defendants filed a motion to stay proceedings and require arbitration of the action. Defendants relied on the following paragraphs in the retainer agreement:
9.... When we submit our final bill, you agree to pay us within ten (10) days from the date thereof: except, however, if you feel that any additional fee over and above the hourly rate is not reasonable considering all of the factors involved, then you and we agree that such additional fee over and above the minimum hourly fees shall be settled by a panel of three (3) arbitrators, all of whom are lawyers who are Board Certified in Marital and Family Law by the Florida Bar, one of whom shall be selected by you, one by us and the third by the two already selected, and you and we agree that the award of the arbitrators shall be accepted as the final determination of the matter.
...
13. In the event it is necessary to institute proceedings against you for the collection of fees and advances due to us by you, you will pay, in addition to any adjudication for such fees and advances, all costs and expenses necessitated thereby, including reasonable attorney's fees.
14. In the event of any dispute as a result of any provision hereof for the interpretation hereof or otherwise or in *417 any way [sic] arising out of our relationship as attorney and client, if we shall be the prevailing party, then we shall be entitled to collect from you all costs and expenses necessitated by us in such dispute, including reasonable attorney's fees. All such disputes and any counterclaim against us in an action for collecting for [sic] set off because of any alleged improper act or acts on our part shall be submitted to and shall be determined by the arbitrators named in paragraph 9 hereof and the decision of the arbitrators shall be final and binding on both you and us.
The trial court granted defendants' motion. Vargas appeals.
When ruling on a motion to compel arbitration of a particular dispute a court must consider three elements: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration has been waived. Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999); Cuningham Hamilton Quiter, P.A. v. B.L. of Miami, Inc., 776 So.2d 940, 942 (Fla. 3d DCA 2000). The issue in this case involves the first two elements and can be summarized as whether the legal malpractice claim is subject to arbitration based on the language in the agreement. We hold that the arbitration references in the retainer agreement do not support a conclusion that the client agreed to arbitrate any and all claims arising out of representation, including legal malpractice claims, as defendants suggest.
Arbitration provisions are construed following principles of contract interpretation. Seifert, 750 So.2d at 636. It is well settled that arbitration "may be required only as to those disputes concerning which the parties have expressly agreed." Atencio v. U.S. Sec. Ins. Co., 676 So.2d 489, 490 (Fla. 3d DCA 1996); Miller v. Roberts, 682 So.2d 691, 692 (Fla. 5th DCA 1996); Regency Group, Inc. v. McDaniels, 647 So.2d 192, 193 (Fla. 1st DCA 1994). "Although arbitration clauses are generally favored, the clause must refer to the subject matter being contested." All Am. Semiconductor, Inc. v. Unisys Corp., 637 So.2d 59, 60 (Fla. 3d DCA 1994). To determine whether the parties in this case agreed to arbitrate the legal malpractice dispute, we begin by considering the scope of the language in the agreement.
Notably, the language in the pertinent paragraphs does not constitute a general arbitration clause establishing arbitration as the means for resolving any dispute relating to the representation. These paragraphs by their plain language apply to fee disputes or collection disputes: Paragraph nine clearly applies to fee disputes; paragraph thirteen clearly applies to fee collection proceedings; and paragraph fourteen applies to the collection of costs and expenses the firm may be entitled to by virtue of being the prevailing party in any dispute between the parties. In this context, paragraph fourteen incorporates by reference the arbitration provision in paragraph nine that clearly requires arbitration of any dispute over the firm's final bill. The second sentence in paragraph fourteen cannot be taken out of context and used to impose an obligation to arbitrate any claim between the parties. A clear reading of the agreement demonstrates that the parties intended to arbitrate fee disputes, and disputes surrounding the firm's entitlement to monies. This does not support a conclusion that the client agreed to arbitrate all claims, of any nature, including legal malpractice.
In addition, the rules of construction require that contracts be construed against the drafter, Seifert, and retainer agreements are construed against the attorney and in favor of client. Arabia v. *418 Siedlecki, 789 So.2d 380 (Fla. 4th DCA 2001), review denied, 817 So.2d 848 (Fla.2002); May v. Sessums & Mason, P.A., 700 So.2d 22 (Fla. 2d DCA 1997). The specificity of the language in paragraphs nine, thirteen and fourteen, coupled with the absence of any mention of the parties' rights in the event of a malpractice allegation, demonstrates the parties' intent to arbitrate any dispute arising from a fee or collection matter. See Seifert. However, nowhere is there any language that the client agreed to arbitrate a legal malpractice claim. We cannot conclude that the parties agreed to submit the subject dispute to arbitration.
Based on the foregoing, we reverse the order staying the proceedings and requiring arbitration.
Reversed and remanded.