984 So.2d 583 (2008)
UNITED HEALTHCARE OF FLORIDA, INC., Appellant,
v.
Joni BROWN, Appellee.
No. 4D07-4539.
District Court of Appeal of Florida, Fourth District.
June 4, 2008.
*584 Alan B. Rose of Page, Mrachek, Fitzgerald & Rose, P.A., West Palm Beach, and Kathleen E. Mones of Seyfarth Shaw LLP, Atlanta, for appellant.
Barbara A. Stern of Law Office of Bohdan Neswiacheny, Fort Lauderdale, for appellee.
MAY, J.
An employer challenges an order denying its motion to stay proceedings and compel arbitration. It argues the trial court erred in doing so. We agree and reverse.
The facts, elicited from affidavits and documents filed by the parties, are largely undisputed. However, each party disputes their import.
United HealthCare Services, Inc. (UH Servs.), United HealthCare of Arizona, Inc. (UH Ariz.), and United HealthCare of Florida, Inc. (UH Fla.) are all direct or indirect wholly owned subsidiaries of United Health Group, Inc. (UH-Group). In 1996, UH Servs. and UH Ariz. entered into an agreement in which UH Servs. would provide comprehensive administrative services for UH Ariz. Those services included recruitment, compensation, and supervision of all personnel located on-site in UH Ariz.'s offices. In 1999, UH Servs. and UH Fla. entered into a virtually identical agreement.
In December 2000, UH Servs. hired the employee to work with UH Ariz. The employee signed a UH-Group Acknowledgement Form (2000 Acknowledgment), in which she acknowledged having "received and reviewed" UH-Group's Internal Dispute Resolution/Employment Arbitration Policy (1999 Arbitration Policy).
Regarding the 1999 Arbitration Policy, the 2000 Acknowledgment provided the following:
[T]he UnitedHealth Group Employment Arbitration Policy is a binding contract between UnitedHealth Group and me to resolve all employment-related disputes which are based on a legal claim through final and binding arbitration. I agree to submit all employment-related disputes based on [a] legal claim to arbitration under UnitedHealth Group's policy.
The employee signed the 2000 Acknowledgment. In 2002, a new arbitration policy became effective for "all employees of UnitedHealth Group Corporation or its *585 subsidiaries employed on or after (1996)." (2002 Arbitration Policy). It also indicated that it superseded all prior versions. The 1999 and 2002 versions of the arbitration policy are materially similar.
In 2003, the employee began working for UH Fla. She explained that her transfer came as a result of her applying to UH Fla. However, the employer responded that the employee was never terminated, but transferred to UH Fla. where she continued to receive her paychecks without interruption.
At the hearing on the motion to stay proceedings and compel arbitration, the employee admitted signing the 2000 Acknowledgment, but claimed that it was limited to her employment with UH Ariz. She raised several arguments, which are repeated in this appeal. The employer maintained that the employee was bound by the 2000 Acknowledgment. The trial court denied the employer's motion to stay proceedings and compel arbitration. From this order, the employer appeals.
A trial court's conclusions regarding the construction and validity of an arbitration agreement are reviewed de novo. BDO Seidman, LLP v. Bee, 970 So.2d 869, 873-74 (Fla. 4th DCA 2007). "In reviewing the denial of a motion to compel arbitration, the trial court's factual findings are reviewed under a competent, substantial evidence standard." Id. at 873. However, our review of a trial court's "application of the law to the facts found, is de novo." Id. at 874. As the trial court made no findings of fact or law, we review the order de novo, applying the relevant law to the facts available in the record.
"`A court must compel arbitration where an arbitration agreement and an arbitrable issue exists, and the right to arbitrate has not been waived.'" Miller & Solomon Gen. Contractors, Inc. v. Brennan's Glass Co., 824 So.2d 288, 290 (Fla. 4th DCA 2002) (quoting Gale Group v. Westinghouse Elec. Corp., 683 So.2d 661, 663 (Fla. 5th DCA 1996)). Florida law provides for the validity, enforceability, and irrevocability of provisions included in a written contract "for the settlement by arbitration of any controversy thereafter arising between [the parties] relating to such contract." § 682.02, Fla. Stat. (2007).
Here, there is no dispute that the employee signed the 2000 Acknowledgement, which incorporated the 1999 Arbitration Policy. There is also no dispute that both UH Ariz. and UH Fla. are subsidiaries of UH-Group. Nevertheless, the employee claims that she did not understand that the arbitration policy applied to all employment-related disputes with UH Group and its subsidiaries. Her claimed misunderstanding however does not negate her agreement to its provisions. See Bill Heard Chevrolet Corp. v. Wilson, 877 So.2d 15, 18 (Fla. 5th DCA 2004). The employee acknowledged receipt and review of the employer's policies, including the arbitration provision.
The employee makes four additional arguments. First, she argues that because she signed the 2000 Acknowledgement while employed by UH Ariz. and did not sign a new agreement when she began work for UH Fla., the arbitration policy applied only to employment disputes with UH Ariz. In actuality, the 2000 Acknowledgment specified her location as Phoenix, but did not limit its geographic scope. We therefore reject this argument.
Second, the employee argues that any arbitration agreement with UH-Group was extinguished by the 2002 revision to the arbitration policy. Essentially, she argues that the signed 2000 Acknowledgement referenced the 1999 Arbitration Policy that was superseded by the 2002 revision. *586 Because she never signed an Acknowledgment agreeing to submit all employment-related disputes to arbitration under the 2002 Arbitration Policy, she claims to now be free to litigate her claim against UH Fla. in circuit court. We also reject this argument. The existence of the 2002 Arbitration Policy simply does not eliminate her prior agreement to arbitrate.
Third, the employee argues that the 1999 Arbitration Policy was issued by UH-Corp., a company no longer in existence. Once again, we reject this argument. The only difference between the 1999 and 2002 versions are that the 1999 Arbitration Policy identifies UH-Group as United HealthCare Corporation and its subsidiaries, while the 2002 Arbitration Policy identifies UH-Group as United HealthCare Incorporated and its subsidiaries. The important point is that both versions create an agreement among UH-Group, its employees and the employees of its subsidiaries.
And last, the employee argues that because she did not sign the revised 2002 Arbitration Policy, she is not bound to arbitrate her dispute. Our decision in BDO Seidman, LLP v. Bee, 970 So.2d 869 (Fla. 4th DCA 2007) controls this issue.
In Bee, this court rejected a similar argument advanced by an employee seeking to avoid the provisions of a new arbitration agreement that he had not signed. As here, the employee continued to work for an employer after the new agreement came into effect. This court found that his continued employment "evinc[ed] his acquiescence to the terms of the [new] agreement." Id. at 875. Because the prior agreement also had an identical arbitration clause, we held that the employee was "estopped from denying the validity of the [new] agreement." Id.
Here, the employee was still employed at UH Ariz. under the same employment agreement when the Arbitration Policy was revised in 2002. It is that employment agreement from which the employment-related claims against UH Fla. arise. Having signed a 2000 Acknowledgement that incorporated the 1999 Arbitration Policy, she is "estopped from denying the validity of the [new] agreement." Id.
For these reasons, the order denying the motion to stay proceedings and compel arbitration is reversed.
Reversed and remanded.
POLEN and GROSS, JJ., concur.