POLEN, J.
 

 Appellant DFC Homes of Florida (“DFC”) timely appeals the trial court’s order denying its motion to compel arbitration. This Court has jurisdiction. Fla. R. App. P. 9.130(3)(c)(iv).
 

 DFC and Wayne Lawrence (“Lawrence”) entered into a contract whereby Lawrence agreed to purchase real property from DFC for $125,000. Included in the purchase contract was a binding arbitration clause. Shortly after entering into the contract, DFC brought a claim before the American Arbitration Association (“AAA”), asserting that Lawrence had repudiated the contract by arguing that the contract was illegal. Lawrence responded and counter-petitioned for arbitration, agreeing as to the validity of the contract and demanding that DFC “move forward with the sale of the property.” A hearing was held before the AAA, but there is no transcript of that hearing. The arbitrator found DFC to be the prevailing party and allowed it to retain Lawrence’s deposit in the amount of $3,750.
 

 Thereafter, Lawrence filed a complaint with the circuit court, claiming that DFC breached the contract by (1) refusing to transfer the title of the property because Lawrence failed to pay an additional sum of $15,000 over the contract price, and (2) failing to complete construction of the project. Lawrence demanded specific performance and submitted an Objection to the Award of the Arbitrator. In response, DFC submitted its Motion to Confirm the Award of the Arbitrator. The court found for Lawrence, stating in its order that “there is still a genuine question for the Court of whether or not all issues of both sides were actually considered and or ruled upon by the arbitrator.” DFC appealed that order to this Court, but the appeal was dismissed as non-final.
 
 DFC Homes of Fla. v. Lawrence,
 
 941 So.2d 367 (Fla.2006).
 

 The case sat dormant for a year when the court
 
 sua sponte
 
 notified the parties of its intent to dismiss for lack of prosecution. Lawrence, thereupon, filed a Motion for Status Conference and attempted to take DFC’s deposition and to settle the case. Such attempts were unsuccessful; instead, DFC filed its Motion to Compel Arbitration. At the hearing on that motion, the court found that DFC had waived its right to arbitration because “[i]f I know anything about this case, I know that it’s been arbitrated. I know of nothing that requires a second arbitration in the case, even in [sic] the Court disposes of that first arbitration. This case has been up and down the appellate court.” The court denied DFC’s Motion to Compel Arbitration and recommended that the parties go to mediation. The case was mediated, but DFC appeals the trial court’s denial of its motion.
 

 An order granting or denying a motion to compel arbitration is reviewed
 
 de novo. Vacation Beach, Inc. v. Charles
 
 
 *1283
 

 Boyd Constr., Inc.,
 
 906 So.2d 374, 376 (Fla. 5th DCA 2005). “Under both federal statutory provisions and Florida’s arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.”
 
 Seifert v. U.S. Home Corp.,
 
 750 So.2d 633, 636 (Fla.1999) (citing
 
 Terminix Int’l Co. L.P. v. Ponzio,
 
 693 So.2d 104, 106 (Fla. 5th DCA 1997)). The dispute, here, is whether the actions taken by DFC constituted a waiver of its right to arbitration.
 

 A party to an arbitration agreement waives the right to arbitration by active participation in litigation
 
 before
 
 asserting that right.
 
 Strominger v. Am-South Bank,
 
 991 So.2d 1030 (Fla. 2d DCA 2008) (emphasis added). Lawrence asserts that DFC actively engaged in litigation by (1) participating in deposition, (2) making offers to settle the lawsuit, (3) filing a motion to dismiss for lack of prosecution, (4) answering Lawrence’s request for interrogatories, and (5) participating in mediation.
 

 First, all of those actions occurred
 
 after
 
 DFC exercised its right to arbitration, and the parties’ claims were resolved at arbitration. Second, DFC never filed an answer or an affirmative defense to Lawrence’s complaint and the subsequent Objection to the Award of the Arbitrator. Instead, DFC submitted its Motion to Confirm the Award of the Arbitrator, asserting no more than the enforceability of the outcome of arbitration. The court found for Lawrence merely to determine “whether or not all issues of both sides were actually considered and or ruled upon by the arbitrator.” Even this question, however, was not for the court to answer.
 

 For a year after that decision, no action was taken by Lawrence, so the court,
 
 sua sponte,
 
 notified the parties of its intent to dismiss the case for lack of prosecution. DFC’s motion to dismiss on the same ground came only after the court’s notice, and the court did not dismiss the case after all.
 

 DFC’s subsequent participation in discovery,
 
 ie.,
 
 depositions and interrogatories requested by Lawrence, was “limited in scope and ... purpose ... to obtaining] information relevant to the trial court’s determination of whether the right to arbitration was present.”
 
 Phillips v. Gen. Accident Ins. Co. of Am.,
 
 685 So.2d 27, 29 (Fla. 3d DCA 1997). Again, the original dispute had been resolved at arbitration, and the substance or merits of the case or any new claims were never considered by the court.
 

 Lawrence relies on
 
 Transamerica Insurance Co. v. Weed,
 
 420 So.2d 370 (Fla. 1st DCA 1982) to argue that a party waives its right to arbitration by making offers of settlement. That case, however, involved much more than settlement offers; the party seeking arbitration had filed an answer and an affirmative defense, neither of which even mentioned the arbitration agreement.
 
 Id.
 
 at 371.
 

 A mere attempt to settle a dispute outside the courtroom cannot be considered inconsistent with a party’s right to arbitration.
 
 See Marine Envtl. Partners, Inc. v. Johnson,
 
 863 So.2d 423, 426 (Fla. 4th DCA 2003) (“A party claiming waiver of arbitration must show: (1) knowledge of an existing right to arbitrate and (2) active participation in litigation or other acts inconsistent with the right.”). Such a finding would make little sense, considering the object of arbitration is to facilitate the settlement of disputes and to avoid the formalities, delay, and expense of ordinary litigation.
 
 See, e.g., Bill Heard Chevrolet
 
 
 *1284
 

 Corp., Orlando v. Wilson,
 
 877 So.2d 15 (Fla. 5th DCA 2004). Discouraging parties from making offers of settlement would be contrary to the purpose and public policy behind arbitration.
 
 See Nicor Int’l Corp. v. El Paso Corp.,
 
 318 F.Supp.2d 1160, 1166 (S.D.Fla.2004) (“The policy of Florida is to resolve all doubts about the issue of waiver of arbitration in favor of arbitration, not against it.”) (citing
 
 Ronbeck Constr. Co. Inc. v. Savanna Club Corp.,
 
 592 So.2d 344, 346 (Fla. 4th DCA 1992)).
 

 Thus, we find that DFC has not waived its right to arbitration. First, the arbitrator should determine whether there are meritorious claims that have not been addressed at the first arbitration. Should any such claims exist, the proper forum for their resolution would be at arbitration.
 

 We reverse the trial court’s denial of DFC’s motion to compel arbitration.
 

 GROSS, C.J., and FARMER, J., concur.