WARNER, J.
 

 Appellant, the accounting firm of Ber-kowitz, Dick, Pollack & Brant (“Berkow-itz”), challenges the trial court’s denial of its motion to compel arbitration of a claim for professional malpractice in connection with appellee Barry Smith’s tax returns. Smith claimed that no arbitration agreement covered these claims. Berkowitz did not request an evidentiary hearing on the issue, so we have only the pleadings and supporting documents from which to determine the issue. Based upon those records, we affirm.
 

 Smith’s complaint for malpractice contains the factual information on which both the trial court and we rely. Smith owned both Hopper Radio of Florida, Inc., and its subsidiary, a foreign corporation, Memcorp Asia Limited. Hopper was a Sub-S corporation, meaning that the tax liabilities flowed through the corporations to Smith’s individual tax return. He engaged Ber-kowitz in 1996 to prepare his personal tax returns, as well as to provide tax advice.
 

 The IRS audited Hopper in 2002, and Berkowitz participated in the audit. During the audit, the IRS questioned some intercompany loans between Hopper and Memcorp, and issued a report on them, but did not change Smith’s personal income tax return as a result. In his complaint he alleges that Berkowitz failed to notify him of the federal tax consequences of these intercompany loans from a foreign corporation to a U.S. corporation, and thus the resulting consequences to its shareholder.
 

 When the IRS audited Hopper Radio in 2005, it discovered such loans between Memcorp and Hopper, resulting in additional income to the corporation during both the 2004 and 2005 tax years. The tax liability flowed through to Smith, amounting to millions of dollars of increased tax obligations. Smith sued Berkowitz for professional malpractice in failing to advise him of the tax consequences of the inter-company loans. He alleges that Hopper had sufficient cash to pay off the loans at the end of each tax quarter which would have rectified the problem and avoided the additional tax liabilities.
 

 Berkowitz filed a motion to compel arbitration, based upon arbitration clauses which were contained in contracts between it and Hopper Radio. On behalf of Hopper and Memcorp, Smith had entered into three agreements for Berkowitz’s services. One, dated March 2, 2005, provided services to compile unaudited combined balance sheets, income statements, as well as tax consultation services and preparation of the company’s tax returns. A second agreement, dated May 23, 2005, provided services for an audit of the consolidated balance sheet of Hopper and its subsidiaries as of April 30, 2005. No tax advice was included as part of the services provided. A final agreement dated December 7, 2005, provided for the audit of the consolidated balance sheet of Hopper and its subsidiaries for the eight months ending December
 
 *311
 
 31, 2005. No tax services were included within the scope of this agreement. Each of these agreements contained an arbitration clause, where the client agreed to submit any dispute “in connection with this agreement” to arbitration.
 

 Berkowitz did not request an evidentia-ry hearing on the issue of arbitration. Smith opposed the motion on the ground that he signed those agreements as a corporate representative and not individually. He contended that because he was suing for his individual losses, he should not be bound by the arbitration agreement. He also produced a 1997 agreement between Berkowitz and himself, individually, for income tax preparation, including consultation for tax matters. This agreement did not include an arbitration provision. After reviewing the documents and the complaint the court denied the motion to compel. Berkowitz appeals.
 

 “An order granting or denying a motion to compel arbitration is reviewed
 
 de novo.” DFC Homes of Fla. v. Lawrence,
 
 8 So.3d 1281, 1282 (Fla. 4th DCA 2009). Any findings of fact the trial court makes in ruling on the motion must be supported by competent, substantial evidence.
 
 United HealthCare of Fla., Inc. v. Brown,
 
 984 So.2d 583, 585 (Fla. 4th DCA 2008). The trial court’s denial was based upon the language of the various contracts, and a decision construing a contract presents an issue of law.
 
 See, e.g., Powertel, Inc. v. Bexley,
 
 743 So.2d 570, 573 (Fla. 1st DCA 1999).
 

 Courts must consider three factors prior to ruling on a motion to compel arbitration: “(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.”
 
 Seifert v. U.S. Home Corp.,
 
 750 So.2d 633, 636 (Fla.1999). Construction of arbitration provisions is a matter of contract interpretation, and “the determination of whether an arbitration clause requires arbitration of a particular dispute necessarily ‘rests on the intent of the parties.’ ”
 
 Id.
 
 (quoting
 
 Seaboard Coast Line R.R. v. Trailer Train Co.,
 
 690 F.2d 1343, 1348 (11th Cir.1982)).
 

 Based solely on the agreements and the complaint, we cannot conclude that the court erred in denying the motion to compel, because no valid written agreement to arbitrate these claims exists. The complaint alleges failure to give proper tax advice regarding intercompany loans which resulted in an increased tax liability primarily for 2004 and some in 2005. The contracts containing the arbitration provision were not entered into until 2005. Therefore, we cannot glean from what has been provided that those contracts could have covered any tax advice before or during 2004 when the intercompany loans were made and not satisfied. As to 2005, the first of the agreements was not entered into until March, and we have no understanding from this record when in 2005 the suspect intercompany loans were made which incurred liability. Without more, Berkowitz did not carry its burden of showing that the arbitration agreements, signed after the loan transactions incurring tax liability took place, covered the claims addressed in the complaint.
 

 On the basis of the record presented, we affirm the trial court.
 

 MAY and LEVINE, JJ., concur.