STEVENSON, J.
 

 This appeal stems from a complaint filed by appellees, Beta Drywall Acquisition, LLC, (hereinafter “Beta Acquisition”), Beta Construction, LLC, Stephen Feldman and B. Michael Watkins, against Mintz & Fraade, P.C. (hereinafter “M & F”), and Mintz and Fraade, individually, for legal malpractice and breach of fiduciary duty. M & F sought to compel arbitration in New York, pursuant to an arbitration clause contained in the retainer agreement between the parties. The trial
 
 *1175
 
 court denied the motion to compel arbitration. Because the retainer agreement involves interstate commerce and is governed by the Federal Arbitration Act (FAA), we reverse.
 

 In 2003, Feldman, Watkins and non-party, Jay Landesman, sought the professional services of M & F in acquiring the assets of Beta Drywall, Inc.,: a Florida corporation. The parties entered into a retainer agreement signed by Feldman, Watkins, Landesman and Beta Acquisition. Feldman and Landesman were New York residents, while Watkins was a resident-of Arizona. Beta Acquisition was not formed at the time the retainer agreement was executed; however, the parties anticipated that it would be formed as a Florida corporation for the purpose of acquiring Beta Drywall, Inc. The retainer agreement contained the following arbitration clause:
 

 The parties agree that they shall be deemed to have agreed to binding arbitration in New York, New York, with respect to the entire subject matter of any and all disputes relating to or arising under this Retainer Agreement, including, but not limited to, any fee disputes.
 

 As outlined by the retainer agreement, M
 
 &
 
 F executed the documents necessary to form Beta Acquisition in preparation for the purchase of Beta Drywall, Inc. However, conflict arose between the parties and a third entity was created to complete the purchase. This resulted in litigation between Landesman, Feldman and Watkins, and ultimately led to appellees filing the instant complaint. The complaint alleges, generally, that M & F failed to properly formalize and file the various start-up and operating documents for Beta Acquisition; failed to properly advise Feldman and Watkins; failed to protect the interests of Feldman and Watkins; and failed to withdraw as counsel when a conflict of interest arose. M & F filed a motion to compel arbitration based on the arbitration clause in the retainer agreement. The trial court denied the motion, reasoning that Florida courts could not compel arbitration in another state.
 

 “‘An order granting or denying a motion to compel arbitration is reviewed
 
 de novo.’” Berkowitz, Dick, Pollack & Bryant v. Smith,
 
 49 So.3d 309, 311 (Fla. 4th DCA 2010) (quoting
 
 DFC Homes of Fla. v. Lawrence, 8
 
 So.3d 1281, 1282 (Fla. 4th DCA 2009)). “[A]n agreement to arbitrate future disputes in another jurisdiction is outside the authority of the Florida Arbitration Code ... and ... renders the agreement to arbitrate voidable at the instance of either party.”
 
 Damora v. Stresscon Int'l Inc.,
 
 324 So.2d 80, 82 (Fla.1975). However, as an exception to the above principle, Florida courts may enforce an arbitration clause contained within an agreement governed by the Federal Arbitration Act.
 
 See Default Proof Credit Card Sys., Inc. v. Friedland,
 
 992 So.2d 442, 444 (Fla. 3d DCA 2008). The FAA is applicable where an agreement evidences “a transaction involving commerce.” 9 U.S.C § 2 (2003). The term “involving commerce” means “a transaction that, in fact, involves interstate commerce,” even if interstate commerce was not intended.
 
 Default Proof,
 
 992 So.2d at 445. Further, the term “interstate commerce” is to be interpreted broadly.
 
 See Santos v. Gen. Dynamics Aviation Servs. Corp.,
 
 984 So.2d 658, 660 (Fla. 4th DCA 2008).
 

 The .instant retainer agreement clearly involved interstate commerce. The retainer agreement, entered into by New York and Arizona residents, expressly provided that professional services were being obtained for the purpose of acquiring a Florida corporation. Additionally, the agreement, in fact, involved interstate commerce because M & F’s services.re-
 
 *1176
 
 suited in the incorporation of Beta Acquisition as a Florida entity and the successful acquisition of Beta Drywall, Inc., by Feldman and Watkins. Because the retainer agreement involved interstate commerce, the contract falls within the ambit of the FAA and is enforceable.
 
 See
 
 9 U.S.C. § 2 (arbitration clauses in contracts involving interstate commerce are “valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract”).
 

 The choice of law provision contained in the arbitration clause is also enforceable. Choice of law provisions, in general, are enforced by Florida courts, so long as the law of the foreign state does not contravene “strong public policy of Florida or is unjust or unreasonable.”
 
 Default Proof,
 
 992 So.2d at 444. Appellees argue that the instant retainer agreement contravenes Florida public policy against mandatory arbitration of fee disputes in retainer agreements. Arbitration clauses in retainer agreements may be enforceable, but are construed against the attorney and must comply with the Rules Regulating The Florida Bar.
 
 See, e.g., Vargas v. Schweitzer-Ramras,
 
 878 So.2d 415, 417-18 (Fla. 3d DCA 2004) (construing arbitration clause in retainer agreement against attorney);
 
 see also Feldman v. Davis,
 
 53 So.3d 1132, 1137 (Fla. 4th DCA 2011) (observing that a retainer agreement may not include a mandatory arbitration provision unless that agreement complies with rule 4-1.5(i) of the Rules Regulating The Florida Bar). New York takes a similar approach to fair and fully-disclosed arbitration clauses in retainer agreements and does not contravene the “strong public policy of Florida.”
 
 See, e.g., Larrison v. Scarola Reavis & Parent LLP,
 
 11 Misc.3d 572, 812 N.Y.S.2d 243, 247-49 (N.Y.Sup.Ct.2005) (arbitration clause in retainer agreement, as construed against the attorney, was unenforceable for violating public policy and the Code of Professional Responsibility).
 

 Additionally, the complaint filed by appellees raises issues that fall within coverage of the arbitration provision. The relevant inquiry is “‘whether the factual allegations underlying the claim are within the scope of the arbitration clause.’”
 
 Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.,
 
 96 F.3d 88, 93 (4th Cir.1996) (quoting
 
 J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.,
 
 863 F.2d 315, 319 (4th Cir.1988)). Further, when the term “arising out of’ is combined with “relating to” in an arbitration provision, the provision is to be interpreted broadly.
 
 See Seifert v. U.S. Home Corp.,
 
 750 So.2d 633, 636-37 (Fla.1999);
 
 Am. Recovery Corp.,
 
 96 F.3d at 93. The instant arbitration clause applies to disputes “relating to or arising under” the retainer agreement. This language is broad enough to encompass the malpractice and breach of fiduciary duty claims because they are based solely on M
 
 &
 
 F’s actions while providing services obtained through the retainer agreement. The additional arguments raised by the parties reveal no basis on which to find the arbitration provision invalid. Thus, the provision is enforceable and the trial court’s order is reversed.
 

 Reversed and remanded.
 

 WARNER and GERBER, JJ., concur.