DAMOORGIAN, J.
The Estate of Ruby Eva Jenner (“the Estate”) appeals the trial court’s non-final order granting Manor Pines Convalescent Center, L.L.C.’s (“Manor Pines”), motion to compel arbitration. We reverse and remand for an evidentiary hearing.
In 2007, Mrs. Jenner was admitted to Manor Pines’ home. As part of the admission process, Brian Jenner, her husband, executed an “Agreement for Care” in his capacity as “Resident’s Spouse or Representative.” The Agreement for Care contained a provision to arbitrate any “controversy or claim arising out of or relating to the Agreement, ... including ... claims under Chapters 400 and 415, FS....”[1]
Several years after her admission and discharge from the home, the Estate sued Manor Pines for alleged negligence and intentional conduct resulting in injuries to Mrs. Jenner. In response to the complaint, Manor Pines moved to compel arbitration under the terms of the Agreement for Care. In its motion, Manor Pines argued that in 2001, Mrs. Jenner executed a “Designation of Health Care Surrogate” naming her husband as her alternate health care surrogate (the “Designation”). The Designation expressly authorized Brian Jenner to “make health care decisions” for his wife. Manor Pines argued that one such decision was admitting Mrs. Jenner to Manor Pines under *650 the terms of the Agreement for Care. Therefore, Manor Pines maintained that the Estate was contractually bound to arbitrate its claims. The trial court agreed, finding that Brian Jenner had the authority to enter into the Agreement for Care on Mrs. Jenner’s behalf pursuant to the Designation. It further found that Mrs. Jenner was competent at the time she executed the Designation and that the Designation “was completed in conformance with § 765.202 Fla. Stat.” Accordingly, the court granted Manor Pine’s motion to compel arbitration. This appeal follows.
“‘An order granting or denying a motion to compel arbitration is reviewed de novo.’ ” Best v. Educ. Affiliates, Inc., 82 So.3d 143, 145-46 (Fla. 4th DCA 2012) (quoting DFC Homes of Fla. v. Lawence, 8 So.3d 1281, 1282-83 (Fla. 4th DCA 2009)). “However, ‘the trial court’s factual findings are reviewed under a competent, substantial evidence standard.’ ” Id. at 146 (quoting BDO Seidman, LLP v. Bee, 970 So.2d 869, 873-74 (Fla. 4th DCA 2007)).
Section 765.202, Florida Statutes (2001), provides the means by which an individual may designate a health care surrogate. The statute requires a writing signed by the principal in the presence of two witnesses. § 765.202(1), Fla. Stat. “A principal unable to sign the instrument may, in the presence of witnesses, direct that another person sign the principal’s name.” § 765.202(1), Fla. Stat. (2001). “A written designation of a health care surrogate executed pursuant to this section establishes a rebuttable presumption of clear and convincing evidence of the principal’s designation of the surrogate.” § 765.202(7), Fla. Stat. (2001).
The parties spend a significant amount of time examining whether Brian Jenner could bind his wife to the arbitration provision contained in the Agreement for Care by virtue of his power under the Designation. We need not address this issue, as we hold that the trial court’s factual finding that the Designation was “completed in conformance with § 765.202 Fla. Stat.” is not supported by substantial, competent evidence.
Contrary to the trial court’s findings, in his deposition, Mr. Jenner testified that he signed the Designation for his wife. He did not indicate that he did so in front of witnesses at Mrs. Jenner’s direction as required by section 765.202(1), Florida Statutes. Indeed, Mr. Jenner seemed to indicate that Mrs. Jenner did not have the cognitive capacity at the time to make any decisions, much less the decision to appoint a health care surrogate. There was no evidence presented to the trial court otherwise regarding the circumstances under which the Designation was created. Accordingly, we reverse the trial court’s order compelling arbitration, and remand for an evidentiary hearing regarding the validity of the Designation.

Reversed and Remanded.

GROSS, J„ and HANZMAN, MICHAEL, Associate Judge, concur.

. The record reflects that, during her time at Manor Pines, Mrs. Jenner lost her ability to communicate verbally or in writing. This statement is supported by her physician’s statement that Mrs. Jenner was incapable of making her health decisions as of 2008.