DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LINDSAY OWENS,**
Appellant,

v.

**KATHERINE L. CORRIGAN** and **KLC LAW, P.A.,**
Appellees.

No. 4D17-2740

[ June 27, 2018 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. 062017CA007602AXXXXCE.

Robert Garven, Coral Springs, for appellant.

Katherine L. Corrigan of KLC Law P.A., Fort Lauderdale, for appellees.

TAYLOR, J.

The plaintiff, Lindsay Owens, appeals a final order dismissing her legal malpractice complaint on the ground that the parties entered into an agreement to arbitrate the dispute. We reverse, finding that the arbitration clause in the retainer agreement was unenforceable for violating the Rules Regulating the Florida Bar.[1]

The plaintiff filed a three-count legal malpractice action against the defendants, Katherine Corrigan, Esq., and the law firm KLC Law, P.A., alleging that the defendants negligently represented her in a dependency case, causing her to lose custody of her children.

The defendants moved to dismiss the complaint, asserting that the plaintiff had signed a retainer agreement requiring her to submit the dispute to binding arbitration. The retainer agreement included the following arbitration clause:

---

[1] For ease of reference, this opinion will refer to these rules collectively as the "Florida Bar Rules," and will refer to a specific rule as a "Florida Bar Rule."

Any controversy, dispute or claim arising out of or relating to our fees, charges, performance of legal services, obligations reflected in this letter, or other aspects of our representation shall be resolved through binding arbitration in Broward County, Florida, in accordance with the Fee Arbitration Rule (Chapter 14) of the Rules Regulating the Florida Bar, and judgment on the award may be entered in any court having jurisdiction thereof. [YOU ACKNOWLEDGE THAT BY AGREEING TO ARBITRATION YOU ARE RELINQUISHING YOUR RIGHT TO BRING AN ACTION IN COURT AND TO A JURY TRIAL.]

The plaintiff filed a response in opposition to the motion to dismiss. First, the plaintiff argued that the arbitration clause was "vague and ambiguous" because the phrase "performance of legal services" was included within a reference to fees and charges, and because the arbitration clause stated that arbitration would be in accordance with the Fee Arbitration Rule. Second, the plaintiff argued that the arbitration clause was unenforceable because the retainer agreement did not comply with the Florida Bar Rule 4-1.5(i), which prohibits lawyers from making an agreement with a client for mandatory arbitration of fee disputes without advising the client in writing that the client should consider obtaining independent legal advice.

At the hearing on the motion to dismiss, the plaintiff's trial counsel seemed to concede (albeit incorrectly) that the fee arbitration program established in Chapter 14 of the Florida Bar Rules allowed arbitration of legal malpractice claims.[2] Relying on the plaintiff's counsel's concession, the trial court granted the motion to dismiss and reasoned: "If Chapter 14 strictly said, you know, we only arbitrate fee disputes, then I think [the plaintiff] would be right. But Chapter 14 does not just arbitrate fees, it arbitrates all grievances."

The trial court later entered a final order of dismissal, finding that the parties "entered into an agreement to arbitrate that was not waived."

---

[2] Chapter 14 of the Florida Bar Rules, which is entitled "Grievance Mediation and Fee Arbitration," does not provide a mechanism for arbitration of legal malpractice claims. While Chapter 14 allows for *mediation* of grievances other than fee disputes, jurisdiction for *arbitration* under Chapter 14 is limited to fee disputes. *See* R. Regulating Fla. Bar 14-1.2(a)(1) (stating that jurisdiction for arbitration is limited to matters in which "there is no bona fide disputed issue of fact other than the amount of or entitlement to legal fees").

The plaintiff moved for rehearing, pointing out for the first time that jurisdiction to arbitrate under Chapter 14 was limited to disputes over the entitlement to or amount of legal fees. Thus, the plaintiff argued that her only available forum was the Florida judicial system, and that a denial of access to that forum would be a denial of due process.

The trial court denied the plaintiff's motion for rehearing. This appeal ensued.

On appeal, the plaintiff argues that: (1) the trial court's order violated her right to due process by denying her a proper forum for redress of grievances; (2) the arbitration agreement is unenforceable because it violated Florida Bar Rule 4-1.5(i) by omitting the cautionary notice required under that rule; and (3) the arbitration provision was ambiguous as to whether it required arbitration of a legal malpractice claim.

We address the plaintiff's second argument, which we find to be dispositive.

### Standard of Review

The standard of review applicable to a trial court's conclusions regarding the construction and validity of an arbitration agreement is de novo. *United HealthCare of Fla., Inc. v. Brown*, 984 So. 2d 583, 585 (Fla. 4th DCA 2008).

### Requirements for Mandatory Arbitration

In deciding whether arbitration of a dispute is required, there are three elements for a court to consider: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999).

### Whether the Arbitration Clause is Unenforceable for Violating the Florida Bar Rules?

The plaintiff argues that the arbitration provision is invalid because it violated Florida Bar Rule 4-1.5(i).[3] We agree.

---

[3] Although this specific argument was not discussed at the hearing on the motion to dismiss, it was presented to the trial court in the plaintiff's written response in opposition to the motion to dismiss. We find this to be sufficient to preserve the issue for appellate review. *See Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985) ("In

Florida Bar Rule 4-1.5(i) prohibits lawyers from making an agreement with a client prospectively providing for mandatory arbitration of fee disputes without advising the client in writing that the client should consider obtaining independent legal advice:

> **(i) Arbitration Clauses.** A lawyer shall not make an agreement with a potential client prospectively providing for mandatory arbitration of fee disputes without first advising that person in writing that the potential client should consider obtaining independent legal advice as to the advisability of entering into an agreement containing such mandatory arbitration provisions. A lawyer shall not make an agreement containing such mandatory arbitration provisions unless the agreement contains the following language in bold print:
>
> **NOTICE: This agreement contains provisions requiring arbitration of fee disputes. Before you sign this agreement you should consider consulting with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.**

R. Regulating Fla. Bar 4-1.5(i).

Arbitration clauses in retainer agreements governed by Florida law "must comply with the Rules Regulating The Florida Bar." *Mintz & Fraade, P.C. v. Beta Drywall Acquisition, LLC,* 59 So. 3d 1173, 1176 (Fla. 4th DCA 2011). If a mandatory arbitration provision in a fee agreement "does not conform with Rule 4-1.5(i), the provision may be unenforceable on its face." *Feldman v. Davis*, 53 So. 3d 1132, 1137 (Fla. 4th DCA 2011).

Here, the retainer agreement violated Florida Bar Rule 4-1.5(i) because the agreement prospectively provided for mandatory arbitration of fee

---

order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.").

4

disputes without giving the plaintiff the required written notice that she "should consider obtaining independent legal advice as to the advisability of entering into an agreement containing such mandatory arbitration provisions." Thus, because the arbitration clause does not comply with Florida Bar Rule 4-1.5(i), we hold that it is unenforceable on its face.

We disagree with the defendants' argument that Florida Bar Rule 4-1.5(i) is inapplicable because this case does not involve a fee dispute. Even though the arbitration clause could be read as requiring arbitration of matters in addition to fee disputes,[4] this does not alter the fact that the arbitration clause clearly violated the rule by prospectively providing for mandatory arbitration of fee disputes without giving the required warning language. This is enough to invalidate the arbitration clause in its entirety.

Indeed, because the retainer agreement did not contain the required warning under Florida Bar Rule 4-1.5(i), the plaintiff was never placed on notice that she should consider consulting with another lawyer before signing an agreement with mandatory arbitration requirements. And, had the plaintiff consulted independent legal counsel, she presumably would have been advised that signing the agreement could result in her giving up the right to litigate a malpractice claim, which is far more serious than giving up the right to litigate a fee dispute.

We also decline to sever the portion of the arbitration clause that provides for mandatory arbitration of fee disputes. The portion of the arbitration clause requiring arbitration of fee disputes was inextricably intertwined with the portion requiring arbitration of disputes concerning the performance of legal services. Stated another way, an attorney's entitlement to recover fees depends in large part upon the competence of the attorney's performance. *See, e.g., Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). Thus, because the mandatory arbitration of fee disputes went to the essence of the arbitration agreement, we decline to sever the invalid portion of the arbitration clause, which

---

[4] On the one hand, the arbitration clause contains broad language stating that it applies to any claim "arising out of or relating to our . . . performance of legal services," which would appear to encompass a legal malpractice claim. On the other hand, the clause states that any arbitration would occur "in accordance with the Fee Arbitration Rule (Chapter 14) of the Rules Regulating the Florida Bar," which would could be interpreted as restricting the scope of the clause to fee disputes, since jurisdiction for arbitration under Chapter 14 is limited to fee disputes. In any event, we need not decide whether the reference to the Fee Arbitration Rule renders the clause ambiguous as to whether the parties intended to arbitrate a legal malpractice claim. Our conclusion that the clause violates the Florida Bar Rules is dispositive.

would require us to rewrite the agreement. *See Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 459 (Fla. 2011) (refusing to sever the invalid portion of an arbitration agreement because it went to the "very essence of the agreement").

In short, the contract here at issue is different than the garden variety commercial contract. Lawyers owe ethical obligations and duties to their clients that exceed what the common law requires of arm's length contracting parties. We therefore hold that the arbitration clause in the retainer agreement was unenforceable on its face for violating Florida Bar Rule 4-1.5(i). Because the arbitration clause was unenforceable, we reverse the order dismissing the plaintiff's complaint and remand for further proceedings.

*Reversed and Remanded.*

GROSS, J., concurs.
KUNTZ, J., dissents with opinion.

KUNTZ, J. dissenting.

The majority strikes the entirety of the contract's arbitration clause based upon a rule that applies only to disputes relating to attorney's fees. But this dispute does not involve attorney's fees. Thus, I respectfully dissent.

The plaintiff, the client, and defendant, the attorney, signed a retainer agreement that included the following arbitration clause:

> Any controversy, dispute or claim arising out of or relating to our fees, charges, performance of legal services, obligations reflected in this letter, or other aspects of our representation shall be resolved through binding arbitration in Broward County, Florida, in accordance with the Fee Arbitration Rule (Chapter 14) of the Rules Regulating the Florida Bar, and judgment on the award may be entered in any court having jurisdiction thereof. [YOU ACKNOWLEDGE THAT BY AGREEING TO ARBITRATION YOU ARE RELINQUISHING YOUR RIGHT TO BRING AN ACTION IN COURT AND TO A JURY TRIAL.]

The record on appeal indicates the attorney did not provide the notice required by Florida Bar Rule 4-1.5(i). And the majority holds this clause is unenforceable on its face for this reason.

6

The rule states that a "lawyer shall not make an agreement with a potential client prospectively providing for **mandatory arbitration of fee disputes**." R. Regulating Fla. Bar 4-1.5(i) (emphasis added). Similarly, the rule expressly requires the parties add the following statement: "This agreement contains provisions **requiring arbitration of fee disputes**." *Id.* (emphasis added). It is clear that Rule 4-1.5(i) undoubtedly applies to fee disputes.

If this dispute involved attorney's fees, the failure to comply with Rule 4-1.5(i) would likely be dispositive of a motion to compel arbitration. But, again, this dispute does not involve attorney's fees.

Rather, this dispute is a claim for malpractice—a claim that falls within the broad language of the arbitration clause. It is firmly established that "Florida public policy favors arbitration, and any doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration." *BKD Twenty-One Mgmt. Co., Inc. v. Delsordo,* 127 So. 3d 527, 530 (Fla. 4th DCA 2012). In furtherance of the public policy of our state, we should not strike the entire agreement in reliance on an inapplicable rule.

The majority relies on both *Feldman v. Davis*, 53 So. 3d 1132 (Fla. 4th DCA 2011) and *Mintz & Fraade, P.C. v. Beta Drywall Acquisition, LLC*, 59 So. 3d 1173 (Fla. 4th DCA 2011), to support its contrary holding. I do not find those cases to be controlling.

The majority cites *Feldman* for the proposition that "[i]f a mandatory arbitration provision in a fee agreement 'does not conform with Rule 4-1.5(i), the provision may be unenforceable on its face.'" Slip Op. 4 (quoting *Feldman*, 53 So. 3d at 1137). *Feldman* was an appeal of the circuit court's dismissal of a complaint "for declaratory relief regarding his obligations to pay attorney's fees under a contingency fee agreement." 53 So. 3d at 1133. Clearly, a dispute relating to a contingency fee agreement is governed by Rule 4-1.5(i).

*Mintz & Fraade* involved a claim for legal malpractice. *See* 59 So. 3d at 1174. We applied the Federal Arbitration Act and reversed the circuit court's denial of the defendant's motion to compel arbitration. *Id.* at 1175. The majority here notes that in the *Mintz & Fraade* opinion we stated that "[a]rbitration clauses in retainer agreements governed by Florida law 'must comply with the Rules Regulating The Florida Bar.'" Slip Op. 4 (quoting *Mintz & Fraade, P.C.*, 59 So. 3d at 1176). But, in support of that statement, we cited *Feldman* and, as noted, *Feldman* was a dispute

involving attorney's fees. Moreover, I do not read our reference to complying with the Rules Regulating the Florida Bar to be inconsistent with my view in this case. A contract between an attorney and client must comply with the applicable rules. However, here, the majority applies a rule that does not apply to the client's claims.

Next, the majority concludes that the provisions of the clause relating to fee disputes cannot be severed from the agreement. This is troubling, especially in light of the incorrect assertion by counsel for the plaintiff to the circuit court that malpractice disputes could fall within the parameters of the Fee Arbitration Rule. In light of that incorrect concession, the only inapplicable or improper portion of the arbitration clause was a reference to fees. So the circuit court was not presented with a legitimate opposition to severance, and we should sever the portions of the arbitration provision relating to fee disputes and enforce the remainder of the agreement.

The plaintiff also argues the arbitration agreement is ambiguous because the discussion of attorney performance "is intertwined with Rule 14-1.2," and "[a] party reading such language could reasonably conclude that 'arbitration in accordance with the fee arbitration rule' would entail fee issues only."

An ambiguous contract provision is to be construed against the drafter, *Delsordo*, 127 So. 3d at 530, and a retainer agreement is to be construed against the attorney and in favor of the client, *Vargas v. Schweitzer-Ramras*, 878 So. 2d 415, 417 (Fla. 3d DCA 2004). But the mere fact that an arbitration agreement can be interpreted in more than one manner does not make it ambiguous. *Delsordo*, 127 So. 3d at 530. Rather, to be ambiguous the additional manner of interpretation must be reasonable. *Id.* (holding that an arbitration provision "is ambiguous only if it is susceptible to more than one reasonable interpretation"). And "the interpretation of a contract which gives a reasonable meaning to all provisions of a contract is preferred to one which leaves a part useless or inexplicable." *Resnick v. J. Weinstein & Sons, Inc.*, 163 So. 3d 700, 703 (Fla. 4th DCA 2015) (citations and internal quotation marks omitted). Further, we must "try to resolve an ambiguity in an arbitration provision in favor of arbitration." *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013).

In *Vargas*, the Third District addressed a similar issue, albeit with different contractual language, where the subject of the contract was exclusively attorney's fees. 878 So. 2d at 417. The contract referenced submitting a final bill and issues such as "institut[ing] proceedings against you for the collection of fees." *Id.* The following paragraph stated "[a]ll

such disputes and any counterclaim against us ***in an action for collecting*** for [sic] set off because of any alleged improper act or acts on our part shall be submitted to and shall be determined by the arbitrators." *Id.* (emphasis added). The Third District concluded that the plain language of the agreement demonstrated that it applied to fee disputes and that "the language in the pertinent paragraphs does not constitute a general arbitration clause establishing arbitration as the means for resolving any dispute relating to the representation." *Id.* at 417.

As discussed above, we reached a different conclusion in *Mintz & Fraade*, where the agreement stated:

> The parties agree that they shall be deemed to have agreed to binding arbitration in New York, New York, with respect to the entire subject matter of any and all disputes relating to or arising under this Retainer Agreement, including, but not limited to, any fee disputes.

59 So. 3d at 1175. We held that "[t]his language is broad enough to encompass the malpractice and breach of fiduciary duty claims because they are based solely on M & F's actions while providing services obtained through the retainer agreement." *Id.* at 1177.

Here, the arbitration agreement applied to "[a]ny controversy, dispute or claim arising out of or relating to our fees, charges, performance of legal services, obligations reflected in this letter, or other aspects of our representation." This language by itself is unambiguous and applies to the plaintiff's claims. However, we must consider the entirety of the arbitration provision and the remainder of the contract. At the non-evidentiary hearing, the circuit court noted that the first page of the contract referenced that "these terms and conditions 'will also apply to any additional legal services that we may agree to provide that are outside the initial scope of our representation.'" Based on this provision, the court concluded that "certainly the retainer is talking about the scope of service, the scope of obligations that" the attorney undertook. The court concluded that "the obligations is the scope of service" and the "obligation" was included in the arbitration provision.

The circuit court did acknowledge the reference within the arbitration clause to arbitrating any disputes "in accordance with the Fee Arbitration Rule (Chapter 14) of the Rules Regulating the Florida Bar." The court stated that the language "could have been a little bit clearer but it's clear that she agreed to arbitrate all of this pursuant to Chapter 14."

Chapter 14 does not apply beyond fee disputes. In fact, the Fee Arbitration Rule specifically states that "[j]urisdiction is limited to matters in which: (1) there is no bona fide disputed issue of fact other than the amount of or entitlement to legal fees." R. Regulating Fla. Bar 14-1.2. But the plaintiff argued to the circuit court that it could apply and the court factored the plaintiff's argument into its decision. The court even noted that the analysis of the purported ambiguity would be different if Chapter 14 did not apply to malpractice claims. But, the plaintiff argued, it did apply.

A party cannot lead the court to a conclusion and then complain that the court accepted its argument. *See, e.g., Mann v. Yeatts*, 111 So. 3d 934, 938 (Fla. 5th DCA 2013) ("Although this argument is premised on a correct statement of the law, it is not preserved for our review because it was not argued below, and the purported error was invited by Appellant's incorrect argument to the trial court."); *Risk Mgmt. Servs., Inc. v. McCraney*, 420 So. 2d 374, 375 (Fla. 1st DCA 1982) (holding "appellant induced the error by representing to the trial judge that [a case] was controlling" even though the case relied upon was no longer controlling when relied upon in the circuit court). Thus, the plaintiff waived its argument that the provision was ambiguous based upon its reference to Chapter 14.[5]

In conclusion, we should sever those portions of the clause relating to fees and enforce the remainder of the signed contract. We should apply the clause as written, affirm the court's order in part, and remand with instructions to stay the case and appoint an arbitrator to arbitrate the dispute.[6]

---

[5] If the plaintiff had not waived this argument, I would remand the case for a determination as to whether the selection of the chosen forum was integral to the agreement. If the court found the chosen forum was integral to the agreement, I agree the motion to compel arbitration should be denied. But if the court found the chosen forum was not integral to the agreement, the motion to compel arbitration should be granted. *See New Port Richey Med. Inv'rs, LLC v. Stern ex rel. Petscher*, 14 So. 3d 1084, 1087 (Fla. 2d DCA 2009) (citing § 682.04, Fla. Stat.); *see also Betts v. FastFunding The Co., Inc.*, 60 So. 3d 1079, 1082–83 (Fla. 5th DCA 2011); *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000).

[6] Notably, Chapter 14 specifically states that all proceedings shall be governed by the Florida Arbitration Code. R. Regulating Fla. Bar 14-1.4 ("The Florida Arbitration Code (chapter 682, Florida Statutes), shall apply to arbitrations conducted under this chapter except as modified by or in conflict with these rules."). And the Florida Arbitration Code states that the court shall appoint an

*     *     *

*Not final until disposition of timely filed motion for rehearing.*

---

arbitrator when the chosen arbitrator does not or cannot act. *See New Port Richey Med. Inv'rs, LLC*, 14 So. 3d at 1087 ("[T]he parties' arbitration agreement is not rendered invalid or unenforceable simply because the AAA is unavailable to conduct the arbitration. Instead, the circuit court must appoint another arbitrator or arbitrators.").