# Third District Court of Appeal

## State of Florida

Opinion filed February 7, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2162
Lower Tribunal No. 19-26431
_____

**Arrow Property Insurance Adjusters, Inc.,**
Appellant,

vs.

**People's Trust Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

The Diener Firm, P.A., and Erik D. Diener (Plantation), for appellant.

Cole, Scott & Kissane, P.A., and Daniel J. Maher, for appellee.

Before LOGUE, C.J., and EMAS and BOKOR, JJ.

PER CURIAM.

Affirmed. See EcoVirux, LLC v. BioPledge, LLC, 357 So. 3d 182, 187 (Fla. 3d DCA 2022) ("It is axiomatic that 'extrinsic evidence . . . should not be used to introduce [a contractual] ambiguity where none exists.'") (quotation omitted); Emergency Assocs. of Tampa, P.A. v. Sassano, 664 So. 2d 1000, 1002 (Fla. 2d DCA1995) ("It is a fundamental tenet of contract law that a 'phrase in a contract is "ambiguous" only when it is of uncertain meaning, and may be fairly understood in more ways than one.'" Friedman v. Virginia Metal Prods. Corp., 56 So. 2d 515, 517 (Fla.1952)). In the event of such an ambiguity, a trial court is authorized to admit parol evidence to explain the words used and how the contracting parties intended them to be interpreted. Joseph U. Moore, Inc. v. Howard, 534 So. 2d 935 (Fla. 2d DCA 1988). **However, before a trial court can consider such extrinsic evidence** in interpreting a contract, the words used must be unclear such that an ambiguity exists on the face of the contract. Boat Town U.S.A., Inc. v. Mercury Marine Div. of Brunswick Corp., 364 So. 2d 15 (Fla. 4th DCA 1978).") (emphasis added); Webster v. Ocean Reef Cmty. Ass'n, Inc., 994 So. 2d 367, 370 (Fla. 3d DCA 2008) ("In the case of competing interpretations of the words used in the articles of incorporation at issue here, any ambiguity is to be construed against the Association as the drafter.")

(quoting <u>Vargas v. Schweitzer–Ramras</u>, 878 So. 2d 415, 417 (Fla. 3d DCA 2004)).